UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN F. ZWEBER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO. C14-0529JLR<br><br>ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS |

## I.　INTRODUCTION

Before the court is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") motion for judgment on the pleadings. (Mot. (Dkt. # 12).) State Farm argues that John Zweber's claims against it should be dismissed because they are barred by the doctrine of res judicata and by the applicable statutes of limitation. (*See id.* at 1.) With respect to res judicata, State Farm points out that there was a prior action between these same parties involving the same events and that Mr. Zweber should have

ORDER- 1

raised his claims in that action. (*Id.* at 7-14.) The court agrees. Mr. Zweber raises a handful of arguments in response to State Farm's motion, but none of them are persuasive. (*See* Resp. (Dkt. # 20) at 7-12.) Accordingly, the court GRANTS State Farm's motion to dismiss and DISMISSES this case with prejudice.

## II.  BACKGROUND

This is an insurance dispute. Mr. Zweber is a dentist from Mt. Vernon, Washington. (Compl. (Dkt. # 1-2) ¶ 2.3.) In 2005, he purchased an automobile insurance policy from State Farm for his 2006 Audi S4. (*Id.* ¶ 2.1.) The policy provided coverage for liability, property damage, personal injury protection ("PIP"), and other coverage including underinsured motorist ("UIM") bodily injury coverage in the amount of $250,000.00 per person. (*Id.*) During the policy term, Mr. Zweber was vacationing with his family in Arizona when he was struck by another vehicle. (*Id.* ¶ 2.2.) The other driver admitted 100 % fault, but the other driver's liability coverage was limited to $100,000.00.

Mr. Zweber suffered serious injuries from the accident. Within 24 hours of the accident, both of his hands became numb. (*Id.* ¶ 2.3.) He experienced "stiffness, right lower back pain and numbness in his thumb, forefinger and middle finger of his left hand." (*Id.*) He complained of "general body soreness and stiffness" and that "[movement] and use of his left hand became very problematic and he was unable to grasp and raise his left arm." (*Id.*) His injuries prevented him from performing his work as a dentist. (*Id.*) Mr. Zweber alleges that he suffered a substantial amount of lost earnings and was eventually forced to sell his dental practice because of his injuries. (*Id.*)

ORDER- 2

He alleges that, although he received "excellent medical care," he is presently "unable to perform many of his day to day job related activities." (*Id.* ¶ 2.4.)

Mr. Zweber made a claim on his State Farm policy in connection with the accident. The at-fault driver's insurance company quickly paid Mr. Zweber the $100,000.00 policy limit, but Mr. Zweber felt this did not fully compensate him for his injuries. (*Id.* ¶¶ 2.6-2.7.) He hired an Arizona attorney and demanded that State Farm pay him the $250,000.00 limit of his UIM coverage. (*Id.* ¶ 2.7.) In April 2008, State Farm offered to pay Mr. Zweber $100,000.00, arguing that he had not yet documented his wage loss sufficiently. (*Id.* ¶ 2.8.) State Farm eventually paid Mr. Zweber $100,000.00, but Mr. Zweber did not make any agreements with State Farm regarding his UIM claim. (*Id.* ¶ 2.9.)

In early 2010, Mr. Zweber sued State Farm. (*Id.* ¶ 2.11.) He filed a complaint in Skagit County Superior Court on February 19, 2010, "compelling judicial resolution of [his] UIM claim." (*Id.*) State Farm retained counsel and conducted extensive discovery. (*Id.* ¶ 2.12.) During discovery, Mr. Zweber provided State Farm with documentation regarding his losses. (*Id.* ¶ 2.12-2.14.) Near the end of discovery, Mr. Zweber sent a demand to State Farm "asking that [State Farm] consider all of the recent discovery that had been provided and agree to . . . pay the Plaintiff all of the $250,000.00 UIM policy proceeds." (*Id.* ¶ 2.14.) Mr. Zweber alleges that this was the first time State Farm was able to review all of his lost income documentation. (*Id.*) State Farm still did not pay. (*Id.* ¶ 2.15.) Instead, the case proceeded to trial, and on March 8, 2012, a jury awarded Mr. Zweber $1,300,000.00 plus attorney's fees and costs. (*Id.* ¶ 2.18.) State Farm paid

1 Mr. Zweber the remaining $150,000.00 left on his policy in satisfaction of the judgment.
2 (Greenberg Decl. (Dkt. # 3) Ex. C ("Satisfaction of Judgment") at 19.)

3 Mr. Zweber then brought this action. On March 7, 2014, Mr. Zweber filed a
4 complaint for damages in Skagit County Superior Court alleging breach of contract,
5 violations of the Washington Consumer Protection Act, bad faith, and violations of
6 Washington's Insurance Fair Conduct Act ("IFCA"), RCW Chapter 48.30. (*Id.* ¶¶ 3.1-
7 6.4.) He alleges that State Farm failed to pay him amounts he was entitled to after the
8 accident, did not conduct a reasonable investigation, offered unreasonable settlement
9 amounts, violated various insurance regulations, and acted in bad faith. (*See id.*) State
10 Farm removed the case to federal court (Not. of Removal (Dkt. # 1)) and filed this motion
11 for judgment on the pleadings two months later (*see* Mot.).

12                              **III.    ANALYSIS**

13 **A.    Standard on a Motion for Judgment on the Pleadings**

14 "After the pleadings are closed—but early enough not to delay trial—a party may
15 move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "'Judgment on the
16 pleadings is proper when the moving party clearly establishes on the face of the pleadings
17 that no material issue of fact remains to be resolved and that it is entitled to judgment as a
18 matter of law.'" *Point Ruston, LLC v. Pac. Nw. Reg'l Council of the United Bhd. of*
19 *Carpenters and Joiners of Am.*, 658 F. Supp. 2d 1266, 1273 (W.D. Wash. 2009) (quoting
20 *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir.
21 1990)). "The standard applied on a Rule 12(c) motion is essentially the same as that
22 applied on a Rule 12(b)(6) motion for failure to state a claim: 'the allegations of the non-

moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false.'" *Id.* "However, the court is not required to accept as true mere legal conclusions unsupported by alleged facts." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).) To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

On a Rule 12(c) motion, the court is not strictly limited to considering the face of the complaint. Just like on a Rule 12(b)(6) motion, the court may consider material that is properly submitted as part of the complaint without converting the motion into a summary judgment motion. *Point Ruston*, 658 F. Supp. 2d at 1273 (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)). Even if the documents are not physically attached to the complaint, the court may consider them if their authenticity is not contested and the complaint necessarily relies on them. *Id.* at 1273-74 (citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)). Moreover, the court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence 201 without converting the motion into a summary judgment motion. *Id.* (citing *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). The court may not, however, take judicial notice of a fact that is subject to reasonable dispute. Fed. R. Evid. 201(b). In addition, Federal Rule of Civil Procedure 12(d) provides that "[a]ll parties must be given

a reasonable opportunity to present all the material that is pertinent" to a motion for judgment on the pleadings. *See Point Ruston*, 658 F. Supp. 2d at 1274.

**B.** **Res Judicata**

The primary issue before the court is whether Mr. Zweber's claims are barred by the doctrine of res judicata. The court looks to the law of the forum state—here Washington—to determine the preclusive effect of a state court judgment. *Smith v. State Farm Mut. Auto Ins. Co.*, No. C12-1505-JCC, 2013 WL 1499265, at *4 n.1 (W.D. Wash. April 11, 2013) (citing *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005)).

Under Washington law, the doctrine of res judicata precludes so-called "claim splitting." *Ensley v. Pitcher*, 222 P.3d 99, 102 (Wash. Ct. App. 2009). Claim splitting occurs when a party files two separate lawsuits based on the same events. *Id.* "The judicially created doctrine of res judicata rests upon the ground that a matter [that] has been litigated, or on which there has been an opportunity to litigate, in a former action in a court of competent jurisdiction, should not be permitted to be litigated again. It puts an end to strife, produces certainty as to individual rights, and gives dignity and respect to judicial proceedings." *Smith*, 2013 WL 1499265, at *4 (quoting *Ensley*, 222 P.3d at 102) (quotation marks omitted). Washington courts have explained that the "general rule" is that if an action is brought for part of a claim, it must be brought for the whole claim, and a judgment obtained in the first action precludes the plaintiff from bringing successive actions for "the residue of the claim." *Id.* (quoting *Karlberg v. Otten*, 280 P.3d 1123, 1130 (Wash. Ct. App. 2012)). "Thus, all issues [that] might have been raised and

determined are precluded." *Id.* (quoting *Feminist Women's Health Ctr. v. Codispoti*, 63 F. 3d 863, 868 (9th Cir. 1995)) (quotation marks omitted). In Washington, res judicata is "the rule, not the exception." *Hisle v. Todd Pac. Shipyards Corp.*, 93 P.3d 108, 114 (Wash. 2004).

To determine whether res judicata applies, Washington courts apply a four-part test. *Karlberg*, 280 P.3d at 1130. In all instances, res judicata applies only if there is a final judgment on the merits. *Id.* (citing *Pederson v. Potter*, 11 P.3d 833, 835 (Wash. Ct. App. 2000).) Assuming there is, that judgment will have preclusive effect only if there is identity between the prior judgment and the subsequent action with respect to (1) persons and parties; (2) causes of action; (3) subject matter; and (4) the quality of persons for or against whom the claim was made. *Id.* Washington courts have applied these four factors in "a variety of ways," and "it is not necessary that all four factors favor preclusion to bar the claim." *Smith*, 2013 WL 1499265, at *4 (citing *Codispoti*, 63 F.3d at 868). "Rather, while the rule is universal that a judgment upon one cause of action does not bar suit upon another cause of action which is independent of the cause which was adjudicated, it is equally clear that res judicata applies to every point [that] properly belonged to the subject of the litigation, and [that] the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* (quotation marks and emphasis removed).

## C.  The Parties' Arguments

State Farm argues that all of Mr. Zweber's claims are barred by res judicata. State Farm argues that this case "falls squarely within the claim preclusion doctrine." (Mot. at

ORDER- 7

8.) State Farm asserts that all four elements of Washington's test for res judicata are met and that Mr. Zweber should have brought his claims in the earlier action if he wanted to bring them at all. (*Id.* at 8-10.) State Farm cites *Smith*, a case from this district that rigorously examines many of the issues raised in this case. In *Smith*, the court concluded that claims for insurance bad faith and breach of contract were barred by a prior action related to UIM benefits. (*Id.* at 12-13 (citing *Smith*, 2013 WL 1499265).) State Farm also cites and discusses numerous other out-of-state cases that find breach of contract and extra-contractual claims precluded because they were not raised in an earlier UIM action. (Mot. at 10-12 (citing, e.g, *Salazar v. State Farm Mut. Auto Ins. Co.*, 148 P.3d 278 (Colo. App. 2006); *Powell v. Infinity Ins. Co.*, 922 A.2d 1073 (Conn. 2007); *Porn v. Nat'l Grange Mut. Ins. Co.*, 93 F.3d 31 (1st Cir. 1996)).)

      Mr. Zweber makes few arguments in response. He principally argues that this case does not involve the same subject matter or causes of action as the 2010 action. (Resp. at 7-9.) He points out that his new complaint raises four causes of action not litigated in the previous action. (*Id.* at 8-9.) His argument is premised on the idea that the purpose of the prior action was to determine the amount of UIM benefits and the purpose of the present action is to examine State Farm's conduct. (*Id.*) The remainder of Mr. Zweber's briefing on this issue attempts to establish that the cases cited by State Farm are "factually distinguishable" from this case for a variety of reasons. (*Id.* at 9-12.)

**D.  Res Judicata Bars Mr. Zweber's Claims**

      State Farm has the better of this argument. As discussed below, State Farm is correct that the four res judicata factors favor preclusion in this case. (*See* Mot. at 8-10.)

State Farm is also correct that if Mr. Zweber wanted to litigate bad faith and related claims, he needed to either raise those claims at the outset of the prior action or else move to amend his complaint in that action once he learned about all of State Farm's allegedly tortious conduct. (*See id.*) In contrast, Mr. Zweber's arguments are not persuasive. In particular, it is not persuasive that this case and the 2010 action assert differently-titled legal theories. (*See* Resp. at 8-9.) Res judicata is not so narrow that it precludes re-litigation only of identical claims. *Smith*, 2013 WL 1499265, at *4. Rather, it precludes litigation of all causes of action that "properly belonged to the subject of the litigation, and [that] the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* Nor is it especially persuasive for Mr. Zweber to point out the factual differences between this case and the cases cited by State Farm. (*See* Resp. at 9-12.) In his focus on factual distinctions, Mr. Zweber does not attempt to engage the reasoning of those cases or otherwise explain why the result reached in those cases would not also be a fair and just result here. (*See id.*) On balance, State Farm has the stronger arguments and the court agrees that res judicata applies to bar Mr. Zweber's claims.

In particular, the court finds *Smith* highly persuasive. As Mr. Zweber points out, *Smith* and this case are not factually identical. (*See* Resp. at 9-10.) However, the reasoning of *Smith* is cogent and convincing, and many of the issues are the same as in this case. In *Smith*, which was also an automobile accident case, the insured sued the tortfeasor and State Farm intervened in the action. *Smith*, 2013 WL 1499265, at *1. After State Farm intervened, the insured brought a breach of contract claim against State Farm. *Id.* The case went to trial to determine the amount of UIM damages owed, and a

jury awarded damages to the insured in excess of the policy limits. *Id.* at *2. The insured moved to amend her complaint to add extra-contractual claims for bad faith and similar causes of action. *Id.* The trial court denied the motion to amend, so the insured filed a second and separate action. *Id.* That action ultimately ended up in front of District Judge John Coughenour, who had to decide whether res judicata barred the insured from bringing anew claims for breach of contract, bad faith, and similar. *See id.* at *2-4.

Judge Coughenour found that res judicata barred the insured's claims. Judge Coughenour walked through the res judicata analysis outlined above and concluded that the insured should have brought her extra-contractual claims in the previous action. *Id.* at *4-7. It did not matter that, in the previous action, the only dispute between the insured and State Farm was the correct amount of UIM damages. *See id.* at *2. Nor did it matter that some of the new claims involved conduct that occurred after the original complaint was filed. *See id.* at *3. Judge Coughenour reasoned that the insured's claims arose "from the same transactional nucleus of facts," sought to "redress the same wrongs," and would involve presentation of "substantially the same evidence" as the prior action. *Id.* at *5. Judge Coughenour surveyed the same out-of-state authority cited in State Farm's brief in this case and concluded that, as a general matter, a prior UIM action, not a subsequent and separate action, is the proper place to bring extra-contractual claims. *Id.* at *6-7. Accordingly, Judge Coughenour concluded that the insured's claims were barred by res judicata.

The court finds *Smith* persuasive, but ultimately this case is not *Smith* and each case must be decided on its own unique facts. Consequently, the court does not rely

solely on *Smith* or any of the other cases cited by State Farm, but instead conducts its own analysis of the res judicata factors established by Washington law.

Here, like in *Smith*, the res judicata factors favor applying the doctrine to bar Mr. Zweber's claims. To begin, there is no question that elements (1) and (4) are met. *Karlberg*, 280 P.3d at 1130. Indeed, there is complete identity of persons and parties because the parties are the same in both actions: there is no difference between this action and the prior action in terms of parties or their respective quality. Neither side disputes this fact. (Mot. at 8; *see* Resp. at 7-12.)

Element (3) also favors applying the doctrine because this action and the 2010 action involve the same subject matter. *See Karlberg*, 280 P.3d at 1130. The "same subject matter" inquiry is somewhat vague, and Washington courts have "seldom had occasion to discuss the requirement and its implications." 14A Karl B. Tegland, WASHINGTON PRACTICE, CIVIL PROCEDURE § 35:25, at 526 (2d ed. 2009). It is clear that two actions do not necessarily have the "same subject matter" simply because they involve the same facts. *Hisle*, 93 P.3d at 115. Nevertheless, it is also clear that this case is not like the cases where the "same subject matter" requirement was unmet. Here, both actions involve, primarily, State Farm's failure to pay Mr. Zweber's claim in the amount he felt he deserved. In both actions, Mr. Zweber's principal assertion is that State Farm improperly determined the amount of damages due under his policy. This is in contrast to Washington cases that have been found to have different subject matter. For example, in *Hisle*, the prior action sought to invalidate a collective bargaining agreement, whereas the subsequent action assumed the validity of that agreement and sought legal guidance

ORDER- 11

regarding how to apply it. 93 P.3d at 110-11. There are no such differences here. Instead, both actions seek the same remedy for substantially the same harm, giving them identity of subject matter.

Element (2) is the most hotly contested, and also favors applying res judicata. To determine whether two actions have an identity of causes of action, Washington courts consider the following four flexible factors: (1) whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Smith*, 2013 WL 1499265, at *4-5 (citing *Energy Nw. v. Hartje*, 199 P.3d 1043, 1048 (Wash. Ct. App. 2009); *Sewer Alert Comm. v. Pierce Cnty.*, 791 F.2d 796, 798-99 (9th Cir. 1986) (applying Washington law)). The last of these factors—whether the two suits arise from the same "transactional nucleus of facts"—is the most important. *Id.* (citing *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982)).

These factors demonstrate that there is an identity of causes of action between this case and the 2010 action. The first factor is not highly relevant here, but supports State Farm's position to the extent it is relevant. This is because State Farm has already satisfied the judgment from the previous proceeding, and re-opening this dispute would impair this satisfaction by exposing State Farm to additional liability. The second factor is neutral. The first action would have involved evidence of damages and liability, whereas the second action would likely focus on State Farm's conduct during claims

handling. These differences would require different evidence. On the other hand, there would likely be a substantial amount of overlap between the evidence presented in both cases. In particular, there would be evidence in each regarding the value of Mr. Zweber's claim and each parties' assessment of that value. The third factor strongly favors State Farm. The rights alleged to be infringed in each action are identical. Both actions directly involve Mr. Zweber's claims for insurance benefits. Mr. Zweber argues that his rights were infringed when State Farm refused to pay him the money he was owed. This allegedly infringed right forms the basis for both actions even though one focuses on claims handling and the other on claim valuation. Mr. Zweber does not have a right to fair claims handling that is independent of his right to payment for a claim. Thus, this factor strongly supports State Farm's position.

The fourth factor also favors State Farm's position. The transactional nucleus of facts is the same in both cases. In both cases the claims are, at a fundamental level, based on State Farm's refusal to pay Mr. Zweber the policy limits on his claim. In the first action, Mr. Zweber claimed that he was entitled to more benefits than State Farm was offering him. In the second action, Mr. Zweber claims that State Farm violated its various duties by refusing to acknowledge that he was entitled to more benefits than State Farm was offering him. In both cases, the basic behavior being complained of is the same: refusal to pay benefits in the requested amount. Accordingly, the transactional nucleus of facts is the same in both cases.

On balance, these factors favor a finding of identity of causes of action and, in turn, all of the res judicata factors considered together weigh strongly in favor of applying res judicata to bar Mr. Zweber's claims.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS State Farm's motion for judgment on the pleadings (Dkt. # 12) because Mr. Zweber's claims are barred by the doctrine of res judicata.  Consequently, the court DISMISSES this case with prejudice.

Dated this 11th day of August, 2014.

JAMES L. ROBART
United States District Judge